AO 91 (Rev. 11/11)  Criminal Complaint

**LODGED**
CLERK, U.S. DISTRICT COURT
05/16/2023
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ DVE _____ DEPUTY

# UNITED STATES DISTRICT COURT
for the
Central District of California



FILED
CLERK, U.S. DISTRICT COURT
05/16/2023
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ KH _____ DEPUTY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ENRIQUE ZARATE,<br><br>Defendant. | Case No.  8:23-mj-00258-DUTY |

## CRIMINAL COMPLAINT
### BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about **April 16, 2023**, in the County of Orange, within the Central District of California, the above-named defendant violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. §§ 922(g)(1) | Felon in Possession of Ammunition |

This criminal complaint is based on these facts:

☒ *See* the attached affidavit.

/s/ Wyatt Haccou
_____
*Complainant's Signature*

Wyatt Haccou, ATF Special Agent
_____
*Printed Name and Title*

Attested to by the applicant via telephone in accordance with the requirements of Fed. R. Crim. P. 4.1.

Date:  May 16, 2023

/s/ Autumn D. Spaeth
_____
*Judge's Signature*

City & State:  Santa Ana, California

Autumn D. Spaeth, U.S. Magistrate Judge
_____
*Printed Name and Title*

AUSA: Robert J. Keenan  //  (714) 338-3597

**<u>AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT</u>**

I, Wyatt Haccou, being duly sworn, declare and state as follows:

**<u>INTRODUCTION</u>**

1.   I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms & Explosives ("ATF").  I have been employed by the ATF since December 2021, and I am currently assigned to the ATF Los Angeles Field Division, Santa Ana Field Office.  I have assisted in numerous investigations involving criminal street gangs, possession of firearms by prohibited persons, possession of stolen firearms, possession of machineguns, the illegal distribution of firearms, burglaries, robberies, and other violent crimes.  I have been involved with numerous serial robbery investigations involving a suspect or suspects committing multiple robberies, most of which were armed, of various businesses over a short period of time.  Currently, I am assigned to the ATF Orange County Violent Crime Task Force (OCVCTF) based in Orange County, California.  This Task Force is dedicated to identifying, tracking, and apprehending armed violent offenders committing criminal violations, to include but not limited to violations of Hobbs Act Robbery and other firearm related violations.

2.   I have received training during the course of my employment as an ATF Special Agent in various topics to include but not limited to: robberies affecting interstate commerce, interview techniques, illegal trafficking of firearms, the utilization of informants, the activities of criminal street

1

gangs, asset forfeiture, and conducting surveillance and wire interceptions.  Through these investigations, my training and experience, and conversations with other experienced agents and law enforcement personnel, I have become familiar with the methods used by individuals to plan and commit robberies, to acquire, smuggle, safeguard, and store firearms, to distribute firearms, and to collect and launder related, illicit proceeds. I am also familiar with how controlled substances are imported, manufactured, distributed, and sold.  I have become familiar with the schemes of individuals engaged in the illegal importation, smuggling, manufacturing, and sales of firearms and controlled substances.

3.    In the course of the cases I investigate, I routinely use cellular technology and records, such as cell phone location information, cell site simulators, and call detail records to obtain evidence of conspiracies to commit robberies, burglaries, and the trafficking of firearms and controlled substances.

## PURPOSE OF AFFIDAVIT

4.    This affidavit is made in support of an arrest warrant and criminal complaint charging ENRIQUE ZARATE ("ZARATE"), with being a Felon in Possession of Ammunition, in violation of 18 U.S.C. § 922(g)(1).

5.    The facts set forth in this affidavit are based upon my training and experience, and information obtained from Fullerton Police Department ("FPD") reports, other law enforcement personnel, and defendant's rap sheet.  This affidavit is intended to show merely that there is sufficient

2

probable cause for the requested complaint and warrant and does not purport to set forth all of my knowledge of or investigation into this matter.  Unless specifically indicated otherwise, all conversations and statements described in this affidavit are related in substance and in part only.

**STATEMENT OF PROBABLE CAUSE**

6.   After reading the FPD related reports, viewing body worn camera videos from officers involved, and observing surveillance footage, I know the following facts:

**A.   Contacting ZARATE**

7.   On April 16, 2023, at approximately 4:02 p.m., FPD received a call regarding an assault with a deadly weapon.  The call indicated that a male subject had been shot in the leg in the rear alley of 561 South Euclid Street, Fullerton, California.

8.   Upon arrival, FPD officers observed Enrique ZARATE standing near a black bicycle holding onto his left leg.  FPD Officer Espanto identified an apparent gunshot wound on the upper left thigh of ZARATE.  FPD officers placed ZARATE on the ground to provide medical support.  As FPD officers removed ZARATE's pants to apply a tourniquet, a 30-round high-capacity semi-automatic handgun magazine that was loaded with 28 rounds of 9mm ammunition fell out from ZARATE's pant pocket.

9.   Inside the high-capacity semi-automatic handgun magazine, FPD recovered the following:

3

a.    Thirteen rounds of Winchester, 9mm Luger caliber rounds, with the headstamp, "WIN 9MM LUGER";

b.    Three rounds of Winchester Military Ammunition (WMA), 9mm luger caliber rounds, with the headstamp, "WMA 22 $\oplus$";

c.    Two rounds of Jagemann (JAG), 9mm Luger caliber rounds, with the headstamp, "JAG  9mm LUGER";

d.    Three rounds of *USA* 9mm Luger caliber rounds, with the headstamp, "* USA * 9MM LUGER"; and

e.    Seven rounds of Sellier & Bellot (S&B), 9 x19 caliber rounds, with the headstamp, "S&B 9 x 19 21."

10.   Upon further investigation, a criminal history check revealed that ZARATE was a convicted felon and was prohibited from possessing firearms and ammunition.

**B.    <u>Interview of ZARATE</u>**

11.   ZARATE was transported to a nearby hospital where his injuries were treated.  FPD officers traveled to the hospital where ZARATE was being treated in an effort to obtain more information about what happened.  ZARATE was unable to provide any information pertaining to shooting and the description of the suspect.  ZARATE later stated, "I don't know, I didn't see shit."  FPD officers asked ZARATE where he got the high-capacity semi-automatic handgun magazine that was in his pant pocket during the shooting, to which he replied, "I found that shit." ZARATE later told FPD officers that he just picked up the high-

4

capacity magazine and placed it in his pants.  FPD officers asked ZARATE if he knew he was not allowed to have the magazine with ammunition, to which ZARATE replied, "yea of course not."

**C.    Surveillance Footage**

12.  FPD officers obtained surveillance footage, which I later reviewed, from a nearby location that captured the incident prior to the gun being fired.  ZARATE was seen riding his bicycle with a female when it appeared that a firearm was accidentally discharged from within his waistband, striking ZARATE in the leg.  ZARATE was then observed through surveillance footage being assisted by the female, who retrieved the firearm from ZARATE and placed it in her waistband.  The female was then seen grabbing a cell phone off the ground and making a phone call.  The female then attempted to treat ZARATE's injuries before grabbing his backpack and fleeing the scene with the firearm.

13.  After FPD officers observed surveillance footage of the incident, the female returned to the scene but did not have the backpack or the firearm with her when FPD officers contacted her.  FPD officers informed her that they watched surveillance footage that showed her with the firearm, but she denied taking the gun from ZARATE before FPD officers arrived.

**D.    ZARATE's Criminal History**

14.  Based on my review of ZARATE's criminal history, ZARATE has the following prior felony convictions:

a.    Unlawful Carrying or Transportation of Switch Blade, in violation of California Penal Code § 653k; Criminal

street gang activity, in violation of California Penal Code § 186.22(D), in California Superior Court, County of Orange, Case Number 08NF1503, on or about August 7, 2008, for which he was sentenced to 3 years' probation and 270 days in jail;

b.    Criminal Street Gang Activity, in violation of California Penal Code § 186.22(D), in California Superior Court, County of Orange, Case Number 09NF2425, on or about September 18, 2009, for which he was sentenced to 16 months' prison;

c.    Felon in Possession of a Firearm, in violation of California Penal Code § 29800 (A)(1); Felon in Possession of Ammunition, in violation of California Penal Code § 30305 (A)(1), in California Superior Court, County of Orange, Case Number 15NF2546, on or about December 15, 2015, for which he was sentenced to 16 months' prison;

d.    First Degree Robbery, in violation of California Penal Code § 211; First Degree Burglary, in violation of California Penal Code § 459; Criminal Street Gang Activity, in violation of California Penal Code § 186.22(D), in California Superior Court, County of Orange, Case Number 10NF1962, on or about November 4, 2011, for which he was sentenced to 4 years' prison; and

e.    Destroying Property that is not your own, in violation of California Penal Code § 594(A); Throwing substance at vehicle with intent to commit great bodily injury, in violation of California Vehicle Code § 23110(B), in California Superior Court, County of Orange, Case Number 20NF1885, on or

6

about January 28, 2021, for which he was sentenced to 16 months' prison.

## E.   Interstate Nexus

15.  On May 10, 2023, I forwarded information regarding the above-referenced 28 rounds of ammunition recovered from ZARATE to ATF Special Agent ("SA") Monica Lozano, an interstate nexus expert.  SA Lozano determined that all of the 28 rounds of ammunition recovered from ZARATE were manufactured outside of the State of California, and thus that the ammunition must have moved in interstate or foreign commerce prior to being seized here.

## CONCLUSION

16.  For all the reasons described above, I submit there is probable cause to believe that ZARATE has committed the crime of being a Felon in Possession of Ammunition, a violation of 18 U.S.C. § 922(g)(1).

/s/
WYATT HACCOU
ATF Special Agent

Attested to by the applicant
via telephone in accordance
with the requirements of Fed.
R. Crim. P. 4.1 on this date,
May 16 , 2023.


/s/ Autumn D. Spaeth
   AUTUMN D. SPAETH
UNITED STATES MAGISTRATE JUDGE

7